UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:14-cr-00149 |
| v. | Judge Crenshaw<br>Magistrate Judge Newbern |
| IKE L. STARNES | |

## ORDER

The Court held a preliminary and detention hearing on a charged supervised release violation on November 28, 2016. Defendant Ike Starnes appeared and was represented by counsel. At the conclusion of the preliminary hearing, the Court found that the Government had not established probable cause of the charged violation and dismissed the proceeding pursuant to Federal Rule of Criminal Procedure 32.1(b)(1)(C).

The petition of the U.S. Office of Probation and Pretrial Services alleged Starnes had violated the condition of his supervised release that he "not commit another federal, state, or local crime." (Doc. No. 34.) Specifically, the petition alleged that Starnes violated the Tennessee Sex Offender/Violent Sex Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. § 40-39-211(a)(1) by "established a secondary residence at or around 1536 Delta Avenue in Nashville, Tennessee, on the nights of November 2nd, 4th, 5th, 6th, and 8th." (*Id*.) The petition further alleges that the Delta Avenue address is "within 1000 feet of Buena Vista Elementary School in Nashville, Tennessee." (*Id*.)

Starnes began his supervised release on October 26, 2016. Starnes was arrested by local law enforcement on November 14, 2016, on a warrant issued for violation of Community Supervision for Life pursuant to Tenn. Code Ann. § 39-13-526(b)(3), based upon the aforementioned alleged overnight stays. (*Id*.)

1

The Government offered proof in the form of GPS tracking records that Starnes stayed overnight at the Delta Avenue address on November 2nd, 4th, 5th, 6th, and 8th, as alleged. (Gov. Ex. 2.) On the intervening nights, Starnes stayed at the Nashville Rescue Mission. (Gov. Ex. 1.) Starnes's probation officer testified that Starnes did not have permission to establish a secondary residence at the Delta Avenue address, as required by the conditions of his supervised release.

Starnes testified that the Delta Avenue address is the home of his father and stepmother and that troubled family circumstances caused him to stay there overnight on the alleged dates. While Starnes admitted that he understood he was not to establish a secondary residence without permission from his probation officer, he testified that he did not believe he was "living" at the Delta Avenue address. He further testified that he did not know that the Delta Avenue address was within 1000 feet of a school.

The statute Starnes is alleged to have violated provides, in relevant part:

> [N]o sexual offender . . . whose victim was a minor, shall knowingly establish a primary or secondary residence or any other living accommodation . . . within one thousand feet (1,000#) of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public.

Tenn. Code Ann. § 40-39-211(a)(1).

The Court finds that Starnes offered substantial proof that he did not "knowingly establish" a residence at the Delta Avenue address in violation of the terms of his supervised release. Starnes testified that he did not know the address was within 1000 feet of Buena Vista Elementary School and that he did not intend to live at the Delta Avenue address.

However, the Court need not decide this issue because the Government has not offered proof sufficient to provide probable cause that Starnes "established a secondary residence" at the Delta Avenue address, as the petition charges. (Doc. No. 34.) The Tennessee Sex

Offender/Violent Sex Offender Registration, Verification, and Tracking Act of 2004 defines a "secondary residence" as, in relevant part:

> [A] place where the person abides, lodges, resides or establishes any other living accommodations in this state for a period of fourteen (14) or more days in the aggregate during any calendar year and that is not the person's primary residence . . . or a place where the person routinely abides, lodges or resides for a period of four (4) or more consecutive or nonconsecutive days in any month and that is not the person's primary residence, including any out-of-state address;

Tenn. Code Ann. § 40-39-202(18).

The Court finds that the Government has not established probable cause that Starnes has "abide[d], lodge[d], reside[d] or establishe[d] any other living accommodation" at the Delta Avenue address for "fourteen or more days in the aggregate during any calendar year" or "routinely . . . for a period of four or more consecutive or nonconsecutive days in any month." *Id*. Instead, the proof presented shows that Starnes stayed overnight at the Delta Avenue address on five nonconsecutive days in one month. This falls short of fourteen calendar days and, not having been repeated, cannot be termed a "routine" living arrangement of four or more nonconsecutive days in any month. *See* Webster's Third New International Dictionary (1993) (defining "routine" as "of commonplace or repetitious character").

Accordingly, the Court finds that the Government has not established probable cause that Starnes violated Tennessee law by establishing a secondary residence at the Delta Avenue address. The supervised release violation proceedings are DISMISSED pursuant to Federal Rule of Criminal Procedure 32.1(b)(1)(C).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge